IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JONATHAN PAUL NEALY,

      Plaintiff,

vs.                                                              No. 20-CV-698-KRS

KILOLO KIJAKAZI, Acting Commissioner
of the Social Security Administration,

      Defendant.

## ORDER AWARDING §406(b) FEES

THIS MATTER is before the Court on Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum (Doc. 32), dated November 14, 2022. The Commissioner declined to take a position as to the reasonableness of the § 406(b) fees requested, though she indicated that she does not object to the motion and did not file a response in opposition. (*Id*. at 2). Being fully advised in the premises, the Court finds that Plaintiff's motion will be granted.

In February 2017, Plaintiff filed applications for disability insurance benefits and supplemental security income. (Administrative Record[1] (AR) at 236-42). After the Social Security Administration ("SSA") denied his claims initially (*id*. at 71-77, 79-85) and on reconsideration (*id*. at 87-98, 100-11), Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") on the merits of his application (*id*. at 136-52). The ALJ issued an unfavorable decision on September 18, 2019 (*id*. at 15-27), and Plaintiff requested

---

[1] Doc. 16-1 comprises the sealed Administrative Record. (*See* Doc. 16-1). The Court cites the Administrative Record's internal pagination, rather than CM/ECF document number and page.

review by the Appeals Council (*id*. at 1-3). The Appeals Council denied Plaintiff's request on May 15, 2020. (*Id*.).

Plaintiff's counsel, Laura Joellen Johnson, indicates that her firm, Armstrong Johnson Law, LLC,[2] began representing Plaintiff in 2019. (*See* Doc. 32 at 1). Ms. Johnson filed the instant federal appeal on Plaintiff's behalf on July 14, 2020. (*See* Docs. 1; 32 at 1). After Plaintiff filed his motion to reverse or remand (Doc. 21), the Commissioner filed her own unopposed motion to remand for further administrative hearings pursuant to sentence four of 42 U.S.C. § 405(g).[3] (Doc. 25). Thereafter, this Court awarded Plaintiff fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $4,740.20. (Doc. 29).

Following remand, an ALJ issued a fully favorable disability determination and awarded Plaintiff full disability benefits from February 2016 forward, with past-due benefits in an amount totaling $165,596.00 and continued monthly benefits in the amount of $2,147.00. (*See* Doc. 32, Exs. A & B). The SSA withheld 25 percent of the past-due benefits, or $41,399.00, leaving that portion available to cover fees that might be due to Plaintiff's representative. (*Id*.).

Ms. Johnson indicates that she "filed a fee petition with the Administration for $10,000," which she represents is the amount "reflected in the fee contract entered into between" her firm and Plaintiff "for work performed by counsel before the Administration." (Doc. 32 at 5). Appended to Plaintiff's motion, however, is an Order of the ALJ in which the ALJ states that he does "NOT approve the fee agreement" between Plaintiff and his attorney, because the "agreement sets a fee that is potentially more than the lesser of 25 percent of the past-due

---

[2] Prior to August 23, 2022, the firm's name was Michael Armstrong Law Office. (*See* Doc. 32 at 1 n.1).

[3] Plaintiff indicates that "the Court granted [his] motion and remanded the case for further proceedings" after the "matter was fully briefed." (Doc. 32 at 1). More precisely, though, the Commissioner conceded that remand was appropriate after Plaintiff filed his motion to remand, and the Court granted the Commissioner's unopposed motion to remand. (*See* Docs. 25; 26).

benefits or $6,000." (Doc. 32, Ex. C at 7). Plaintiff does not provide the contingency fee agreement for the firm's representation of him at the agency level; nor does he indicate the amount of fees ultimately awarded by the SSA. The Court observes, however, that when a fee agreement applies to an attorney's representation before the SSA, 42 U.S.C. §406(a)(2) "caps fees at the lesser of 25% of past-due benefits or a set dollar amount—currently $6,000." *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (citing 42 U.S.C. § 406(a)(2)(A)). Thus, at most, Ms. Johnson could recover $6,000 for her representation of Plaintiff at the agency level.

Pursuant to 42 U.S.C. § 406(b), however, Ms. Johnson may recover fees for her representation of Plaintiff in federal court in addition to fees recovered before the SSA. *See* § 406(b). Accordingly, Ms. Johnson now requests an award of fees in the amount of $16,640.00 under a separate contingency fee agreement, which she supplies to the Court as Exhibit D to Plaintiff's motion. (*See* Doc. 32, Ex. D).

A court may award fees under § 406(b) when, as here, "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). "The tenor of § 406(b) is permissive rather than mandatory." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). "It says that the court may make such an award, not that such an award shall be made." *Id.* Traditionally, an award of attorney fees is a matter within the sound discretion of the court. *Id*.

Section 406(b) does impose some guidelines, however, permitting only "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid *out of* past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525

F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id*. at 934.

As Plaintiff acknowledges in his motion, the United States Supreme Court, in *Gisbrecht v. Barnhart*, rejected the lodestar method for calculating § 406(b) attorney fees for Social Security disability cases. (Doc. 32 at 3 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). The lodestar method involves multiplying the number of hours reasonably devoted to a case by the reasonable hourly fee. *Gisbrecht*, 535 U.S. at 798-99. The Court explained that Congress designed § 406(b) "to control, not to displace, fee agreements between Social Security benefit claimants and their counsel." *Id*. at 793. Courts, however, are still charged with reviewing fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807. In short, § 406(b) imposes a 25-percent-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id*.

The reasonableness of § 406(b) fees is determined largely by "the character of the representation and the results the representative achieved." *Id*. at 808 (citations omitted). Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionally large in comparison to the amount of time spent on the case. *See id*. Ultimately, Plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). In addition to a record of the number of hours spent representing a claimant in federal court, a court may also require an attorney to submit a statement of her normal hourly billing rate for non-contingency fee cases. *Id*.

In the context of a § 406(b) fee request, the court's first inquiry is whether the fee agreement between the claimant and his attorney meets § 406(b) guidelines. Although § 406(b) does not prohibit contingency fee agreements, it does render them unenforceable to the extent that they provide fees in excess of 25 percent of the past-due benefits. *Id*. at 807. Here, the subject contingency agreement between Plaintiff and his attorney provided that if Plaintiff was "awarded benefits by the Social Security Administration following a remand ordered by federal court in [his] case in which [his] attorney represented [him], [he] agree[d] to pay [his] attorney twenty-five percent (25%) of [his] and [his] family's past-due benefits." (Doc. 32, Ex. D). Thus, on its face, Plaintiff's fee agreement meets § 406(b)(1)'s guideline of not exceeding 25 percent of the past-due benefits.

Still, § 406(b) requires the Court to act as "an independent check" to ensure that fees are reasonable. *Gisbrecht*, 535 U.S. at 807 n.17. Applying the factors outlined in *Gisbrecht*, the Court finds that Ms. Johnson achieved a fully favorable result for Plaintiff in this case, resulting in a significant past-due payment as well as a continuing monthly award. Moreover, the Court cannot say that Ms. Johnson was responsible for any delay in the resolution of this case. The instant motion was filed just over a month after Plaintiff received notice of entitlement to past-due benefits. (*Compare* Doc. 32, *with* Doc. 32, Ex. B).

An attorney's experience is another relevant factor when considering a § 406(b) fee request. *See Gordon v. Astrue*, 361 F. App'x 933, at 2-3 (10th Cir. 2010) (noting that in addition to the *Gisbrecht* factors, the trial court also considered the factors established by the Seventh Circuit in *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989), which include the attorney's experience).  Ms. Johnson has been practicing law for just over five years. (Doc. 32, Ex. E ¶¶ a-b). Despite her relatively short time as a practicing attorney, though, she has "personally

represented close to 350 claimants before the Administration" and "argued close to 220 Social Security cases before this Court." (*Id.* ¶ c). Significantly, Ms. Johnson's "practice consists exclusively of social security disability insurance . . . and supplemental security income . . . initial entitlement cases." (*Id.*). In addition, the Court finds that Ms. Johnson's representation of Plaintiff in this case was more than adequate. Her Motion to Reverse and Remand was thorough and persuasive. (*See* Doc. 21). It is telling that after its filing, the Commissioner moved for remand in lieu of filing a brief in opposition. (*See* Doc. 25).

Ms. Johnson's fee request is also well below the 25 percent of past-due benefits contemplated by Plaintiff's contingency agreement and is actually just less than 10% of past-due benefits. A related consideration, though, gives the Court some pause. That is, the Court must consider whether the requested fee is disproportionally large in comparison to the amount of time spent on the case. Here, Ms. Johnson's time sheets indicate that she expended 20.8 hours representing Plaintiff in federal court in this matter. (Doc. 32, Ex. C). As such, her request of $16,640.00 in fees translates to an hourly rate of roughly $800.00, which is considerably higher than the average for § 406(b) fees recently authorized in this District and by the undersigned. *See, e.g.*, *Molina v. Saul*, No. 1:17-cv-1151 KRS, 2020 WL 7183569, at *2 (D.N.M. Dec. 7, 2020) ($294.12 per hour); *Reid v. Saul*, No. 1:16-cv-1104 SMV, 2020 WL 1049747, at *3 (D.N.M. Mar. 3, 2020) ($425.44 per hour); *Saavedra v. Saul*, No. 1:19-CV-00644 KRS, 2021 WL 1720904, at *2 (D.N.M. Apr. 30, 2021) ($566.66 per hour); *Casas v. Kijakazi*, No. 1:19-CV-01154 KRS, 2022 WL 832500, at *2 (D.N.M. Mar. 21, 2022) ($567.60 per hour); *Torrence v. Saul*, No. Civ. 18-934 SCY, 2020 WL 6196173, at *2 (D.N.M. Oct. 22, 2020) ($597.61 per hour).

Even so, the $800-hourly-equivalent fee would not be the highest awarded in this District. For instance, Ms. Johnson refers the Court to a case in which the Honorable Carmen Garza authorized a § 406(b) fee award that translated to $800.00 per hour: *Herrera v. Saul*, No. CV 19-140 CG, 2021 WL 698658, at *2 (D.N.M. Feb. 23, 2021). And the Court's own research also reveals a handful of cases in which § 406(b) fees authorized in this District have approached or exceeded the hourly rate at issue here. *See, e.g.*, *Kelley v. Saul*, No. CIV 16-618 GJF, 2020 WL 3893055, at *3 (D.N.M. July 10, 2020) ($1,073.68 per hour); *Baca v. Saul*, No. CV 17-449 CG, 2020 WL 871547, at *2-3 (D.N.M. Feb. 21, 2020) ($1,025.00 per hour); *Valdez v. Saul*, Civ. No. CV 18-444 CG, 2019 WL 4451127, at *2 (D.N.M. Sept. 17, 2019) ($787.00 per hour); *McDaniels v. Berryhill*, No. 1:16-cv-00496-KRS, 2019 WL 2106380, at *2 (D.N.M. May 14, 2019) ($753.88 per hour); *Threadgill v. Berryhill*, No. CV 16-0287 JHR, 2019 WL 1494034, at *2 (D.N.M. April 4, 2019) ($746.00 per hour).

The Court is persuaded that Plaintiff's motion should be granted. The requested fee is significantly below the 25-percent ceiling imposed by § 406(b) and contemplated by Plaintiff's contingency fee agreement. Moreover, the limited number of hours expended by Ms. Johnson in federal court is a product of her efficiency and effectiveness. Again, after reviewing the opening brief that she filed on Plaintiff's behalf, the Commissioner *agreed* that remand was appropriate. Having obtained remand without a full round of briefing, it was not necessary for Ms. Johnson to devote as many hours to Plaintiff's federal appeal as would be typical. To summarize, despite expending only 20.8 hours representing Plaintiff in federal court, Ms. Johnson's efforts ultimately resulted in an overall award of $165,596.00 in past-due benefits and continuing monthly benefits of $2,147.00.

Considering all of the *Gisbrecht* factors and noting the Supreme Court's position that the effective hourly rate is *not* the deciding factor, the Court is satisfied that the requested fee is not so "large in comparison to the amount of time [Ms. Johnson] spent on the case [such that] a downward adjustment is . . . in order." *See Gisbrecht*, 535 U.S at 808. Accordingly, the Court authorizes the § 406(b) fees as requested in Plaintiff's motion.

Because Ms. Johnson will have secured both EAJA and § 406(b) fees, she must refund to the claimant the amount of the smaller fee, which in this case is the EAJA fee of $4,740.20.

IT IS THEREFORE ORDERED that Plaintiff's Motion is GRANTED. Plaintiff's counsel is thus authorized attorney fees under 42 U.S.C. § 406(b) in the amount of $16,640.00, payable to Laura Joellen Johnson.

IT IS FURTHER ORDERED that Plaintiff's counsel shall directly refund to Plaintiff the $4,740.20 in EAJA fees.

IT IS SO ORDERED.

                                                  **KEVIN R. SWEAZEA**
                                                  **UNITED STATES MAGISTRATE JUDGE**